

$400

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ERIN DINGER                         :
270 Upper Gulph Road                :
Radnor, PA 19087                    :        CIVIL ACTION
               Plaintiff   :
                   :        NO.   19   2324
                   :
           v.         :        JURY TRIAL DEMANDED
                   :
BRYN MAWR BANK CORPORATION d/b/a     :
BRYN MAWR TRUST COMPANY              :        COMPLAINT
801 Lancaster Avenue                 :
Bryn Mawr, PA 19010                  :
              Defendant  :

**FILED**
MAY 29 2019
KATE BARKMAN, Clerk
By_____ Dep. Clerk

## COMPLAINT

1.      In this action, Plaintiff, Erin Dinger (hereinafter "Plaintiff" or "Ms. Dinger"), by and through her counsel, having endured unlawful discrimination by her employer due to her pregnancy-related medical condition, including the termination of her employment and retaliation for requesting medical leave, seeks to recover compensatory and punitive damages pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12112 *et seq.*, Title VII of the Civil Rights Act of 1964, and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951 *et seq.* Additionally, Ms. Dinger asserts a common law claim for intentional infliction of emotional distress.

## JURISDICTION AND VENUE

2.      This Court has federal question jurisdiction over the subject matter of Plaintiff's claims under the ADA and Title VII pursuant to 28 U.S.C. §1331.

3.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367 because the state claims and federal claims are so interrelated that they form part of the same case or controversy under Article III of the United States Constitution.

4.     This action is authorized by 42 U.S.C. §12117.

5.     Venue is proper in the Eastern District of Pennsylvania under 28 U.S.C. §1391(b) and (c) since Plaintiff and Defendants reside in the Eastern District of Pennsylvania and since a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Eastern District of Pennsylvania.

## PARTIES

6.     Plaintiff Erin Dinger ("Ms. Dinger" or "Plaintiff") is an adult female (DOB: October 16, 1980) residing in the Commonwealth of Pennsylvania.  Ms. Dinger was continuously employed by Defendant as an Investment and Operations Analyst from 2009 until January 16, 2019, when she was terminated due to her pregnancy-related disability and in retaliation for requesting medical leave as a reasonable accommodation for her disability.

7.     Defendant, Bryn Mawr Bank Corporation d/b/a Bryn Mawr Trust Company ("Defendant" or the "Bank") is a publically-traded commercial bank, headquartered at 801 Lancaster Avenue in Bryn Mawr, Pennsylvania.  The Bank employs approximately 600 employees and is an employer as defined by the Americans with Disabilities Act and the Pennsylvania Human Relations Act.

8.     At all relevant times hereto, Defendant acted by and through its duly authorized actual and/or apparent agents and employees, including but not limited to Alison Bisig, Nicola Fryer and Mary Agnes Leahy, acting within the course and scope of their actual and/or apparent agency and employment.

2

## FULFILLMENT OF ADA, TITLE VII AND PHRA PRECONDITIONS

9.      Plaintiff has fulfilled all conditions precedent to the institution of this action under the ADA, Title VII and PHRA.  Plaintiff dual-filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRA") on February 9, 2019.

10.     The EEOC issued a Right to Sue letter to the Plaintiff on March 7, 2019, and this lawsuit is brought within ninety (90) days of the issuance of the Right to Sue letter.

## ANTICIPATED ADDITION/JOINDER OF WHISTLEBLOWER CLAIMS

11.     Plaintiff had to file this civil rights lawsuit within 90 days of receiving a right to sue letter.  In addition, Plaintiff has asserted whistleblower complaints against Defendant pursuant to two federal statutes.  She has asserted claims pursuant to The Sarbanes-Oxley Act of 2002, 18 U.S.C. Section 1514A, specifically Section 806 thereof, which protects employees who report fraudulent activity that can harm investors in publicly traded companies. She has also invoked protection and  asserted claims against Defendant pursuant to The Consumer Financial Protection Act (Section 1057 of the Dodd-Frank Wall Street Reform and Consumer Protection Act, 12 U.S.C Section 5567), which protects employees who report reasonably perceived wrong-doing when it comes to employers which provide consumer financial products. Pursuant to these statutes, Plaintiff's whistleblower complaint had to first be filed with OSHA followed 180 days prior to being able to proceed in Federal Court. As Plaintiff filed a complaint with OSHA on May 9, 2019, the requisite time has not run out at the time of this filing. At the requisite time, Plaintiff expects to add those claims to her lawsuit.

## FACTUAL ASSERTIONS

12.     Ms. Dinger was employed by Defendant, at all times relevant hereto, as an Investment and Operations Analyst within Defendant's Wealth Division.

13.     Among Ms. Dinger's job responsibilities included manual preparation of the Wealth Division's Cash Flow Report, which analyzed all transactions within the Wealth Division to reflect its true cash flows and net transactions.

14.     Ms. Dinger gave birth to her daughter on July 9, 2018.

15.     Ms. Dinger was paid her regular wages by her employer though the end of the week of July 9, 2018, despite being out of the office due to her daughter's birth.  Thereafter, Ms. Dinger took a 12-week maternity leave pursuant to the Family and Medical Leave Act, and returned to full-time work on October 9, 2018.

16.     While on maternity leave, as agreed to between Ms. Dinger and Defendant, Ms. Dinger did work for Defendant in order to accumulate five Paid Time Off (PTO) days after she returned from maternity leave and to complete the monthly Cash Flow Reports, which she emailed to her direct report Mary Agnes Leahy (Vice President, Trust Operations) and Stephen Wellman (Senior Vice President, Chief Operating Officer of the Wealth Division).

17.     After returning to full-time work from maternity leave, Ms. Dinger used her accumulated five PTO days on October 18 (half day), October 22, October 23 (half day), November 1 (half day), November 16 (half day), November 26 and November 27, 2018.

18.     During the week of November 26, 2018, Ms. Dinger experienced deterioration in her mental health condition, requiring emergency, in-patient, and long-term outpatient medical treatment, through Bryn Mawr Hospital, the Horsham Clinic, psychiatrist Dr. Deborah Kim,

4

psychologist Dr. David Yusko, Mirmont Treatment Center and the Women's Emotional Wellness Center of Main Line Health.

19.     On November 28, 2018, Ms. Dinger's husband, Drew Dinger, communicated with Mary Agnes Leahy by text message and telephone and informed her that Ms. Dinger would need to be absent from work due to her medical condition.

20.     On November 30, 2018, Drew Dinger contacted Mary Agnes Leahy and advised her that Ms. Dinger's medical condition would require her absence from work for an extended period of time. He asked Ms. Leahy to contact the Human Relations Department to begin the process of applying for short term disability. Subsequently, Alison Bisig of the Human Relations Department contacted Drew Dinger to begin the process of applying for short term disability for Ms. Dinger and to put Ms. Dinger in contact with Defendant's disability insurer, Cigna.

21.     As requested by Cigna, Ms. Dinger and her psychiatrist, Dr. Deborah Kim, completed Cigna's Request for Americans with Disabilities Act (ADA) Accommodation form ("ADA Request Form") and faxed the form to Cigna on December 19, 2018. On the form, Ms. Dinger indicated "leave of absence" as the accommodation requested. Dr. Kim indicated Puerperal Psychosis (Postpartum Psychosis) as Ms. Dinger's medical diagnosis and stated: "Patient has significant insomnia, depressed and anxious mood, delusions, poor appetite, decreased concentration. Has been to ER, hospitalized at Horsham Clinic 12/3-7. PHP [Partial Hospitalization Program] starting 12/8 at Mirmont." As an accommodation for her disability, Dr. Kim recommended a continuous leave of absence from 11/27/18 though 3/15/19 (expected).

22.     On December 28, 2018, Ms. Dinger received a call from a representative of Cigna advising of a clerical error on the ADA Request Form where Dr. Kim indicated her recommendation for leave though March 15, 2018 (instead of through 2019, as intended). The

5

clerical error was corrected by Dr. Kim and faxed back to Cigna on the same day, December 28, 2018.

23.     On December 31, 2018, Ms. Dinger was notified by Cigna that her disability claim was approved though January 28, 2019.

24.     On January 15, 2019, Ms. Dinger spoke to Alison Bisig on the telephone. Ms. Bisig indicated that she wanted to set up a conference call with Ms. Dinger, Ms. Bisig and Ms. Fryer to review her ADA accommodation request. The call was scheduled for 3:00pm on the following day, January 16, 2019.

25.     On January 16, 2019, as scheduled, Ms. Dinger received a telephone call from Ms. Fryer and Ms. Bisig. Ms. Fryer informed Ms. Dinger that she was being terminated from her employment at Bryn Mawr Trust because her FMLA leave had been exhausted and the timing of her return to work was "too uncertain."

26.     Defendant did not engage in an interactive or consultative process with Ms. Dinger with respect to her request for leave as an accommodation for her disability.

27.     Defendant did not consider whether the leave of absence was a reasonable accommodation for Ms. Dinger's disability.

28.     Defendant did not consider whether the requested leave of absence presented an undue hardship on its business.

29.     Subsequently, when Ms. Dinger sought to collect Unemployment Compensation (UC), Defendant retaliated against her by opposing Ms. Dinger's application without any basis or legal justification. The UC Referee determined that Ms. Dinger "was discharged for exhausting her leave of absence" and upheld her eligibility for benefits.

30.     The Defendant must be held to account for its illegal and discriminatory actions towards Ms. Dinger, for the abandonment of its own employee recovering from a serious and debilitating medical condition, and the immense harm that it caused her.

**COUNT I**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**

31.     Plaintiff restates and realleges all previous paragraphs as though fully set forth herein.

32.     The ADA prohibits discrimination against individuals on the basis of disability in regard to the terms, conditions and privileges of employment, including termination of employment.

33.     The ADA requires employers to make reasonable accommodations, including medical leave, for employees with disabilities, unless such accommodation would impose an undue hardship on the operation of the employer's business.

34.     At all times relevant hereto, Ms. Dinger qualified as an individual with a disability within the meaning of the ADA.

35.     At all times relevant hereto, Defendant regarded Ms. Dinger as an individual with a disability within the meaning of the ADA.

36.     Defendant is an employer subject to and obligated to comply with the requirements of the ADA.

37.     Defendant terminated Ms. Dinger's employment because of her disability.

38.     Defendant retaliated against Ms. Dinger for requesting leave as a reasonable accommodation for her disability and exercising her rights under the Americans with Disabilities Act.

39.     Defendant did not make reasonable accommodations for Ms. Dinger's disability.

40.    Ms. Dinger's request for medical leave did not impose an undue hardship on the Defendant's business.

41.    Based upon the foregoing facts, Defendant discriminated against Ms. Dinger on the basis of her disability and deprived her of her rights in violation of the Americans with Disabilities Act.

42.    The unlawful termination and retaliation by Defendant were intentional, outrageous, willful and were with malice or reckless indifference to Plaintiff's rights.

43.    By reason of Defendant's unlawful discrimination and retaliation, Plaintiff is entitled to all legal and equitable remedies available under the Americans with Disabilities Act.

WHEREFORE, Plaintiff Erin Dinger demands judgment in her favor and against Defendant and requests an award of damages including, but not limited to compensatory damages, including any and all recoverable economic and noneconomic loss, punitive damages, reasonable attorneys' fees and costs, and other relief as permitted under the law and as this Court deems just and proper.

## COUNT II

### SEX DISCRIMINATION IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED,
### 42 U.S.C. § 2000e *et seq*

44.    Plaintiff restates and realleges all previous paragraphs as though fully set forth herein.

45.    Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, *et seq.* as amended by the Civil Rights Act of 1991 ("Title VII"), makes it unlawful for employers to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of sex, including on the basis of pregnancy, childbirth or related conditions.

8

46.     Based upon the foregoing facts, Defendant has discriminated against Plaintiff on the basis of her sex, including on the basis of pregnancy, childbirth or related conditions, in deprivation of her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et. seq. as amended.*

47.     The described unlawful discrimination by Defendant was intentional, deliberate, willful and was with malice or reckless indifference to Plaintiff's rights protected by the laws of the United States, as well as the laws of the Commonwealth of Pennsylvania.

48.     By reason of Defendant's discrimination, Plaintiff is entitled to all legal and equitable remedies available.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant and requests an award of damages including, but not limited to compensatory damages, including any and all recoverable economic and noneconomic loss, punitive damages, reasonable attorneys' fees and costs, and other relief as permitted under the law and as this Court deems just and proper.

## COUNT III

## DISABILITY DISCRIMINATION IN VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT

49.     Plaintiff restates and realleges all previous paragraphs as though fully set forth herein.

50.     The PHRA prohibits discrimination against individuals on the basis of disability in regard to the terms, conditions and privileges of employment, including termination of employment.

51.     The PHRA requires employers to make reasonable accommodations, including medical leave, for employees with disabilities, unless such accommodation would impose an undue hardship on the operation of the employer's business.

52.     At all times relevant hereto, Ms. Dinger qualified as an individual with a disability within the meaning of the PHRA.

53.     At all times relevant hereto, Defendant regarded Ms. Dinger as an individual with a disability within the meaning of the PHRA.

54.     Defendant is an employer subject to and obligated to comply with the requirements of the PHRA.

55.     Defendant terminated Ms. Dinger's employment because of her disability.

56.     Defendant retaliated against Ms. Dinger for requesting leave as a reasonable accommodation for her disability and exercising her rights under the Pennsylvania Human Relations Act.

57.     Defendant did not make reasonable accommodations for Ms. Dinger's disability.

58.     Ms. Dinger's request for medical leave did not impose an undue hardship on the Defendant's business.

59.     Based upon the foregoing facts, Defendant discriminated against Ms. Dinger on the basis of disability and deprived her of her rights in violation of the Pennsylvania Human Relations Act.

60.     The unlawful termination and retaliation by Defendant were intentional, outrageous, willful and were with malice or reckless indifference to Plaintiff's rights.

61.     By reason of Defendants' unlawful discrimination, Plaintiff is entitled to all legal and equitable remedies available under the Pennsylvania Human Relations Act.

WHEREFORE, Plaintiff Erin Dinger demands judgment in her favor and against Defendant and requests an award of damages including, but not limited to compensatory damages, including any and all recoverable economic and noneconomic loss, punitive damages, reasonable attorneys' fees and costs, and other relief as permitted under the law and as this Court deems just and proper.

**COUNT IV**

**SEX DISCRIMINATION IN VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT**

62.     Plaintiff restates and realleges all previous paragraphs as though fully set forth herein.

63.     The PHRA prohibits discrimination against individuals on the basis of her sex, including on the basis of pregnancy, childbirth or related conditions, in regard to the terms, conditions and privileges of employment, including termination of employment.

64.     Defendant is an employer subject to and obligated to comply with the requirements of the PHRA.

65.     Defendant terminated Ms. Dinger's employment because of her pregnancy and/or pregnancy-related condition.

66.     Based upon the foregoing facts, Defendant discriminated against Ms. Dinger on the basis of her sex, including on the basis of pregnancy, childbirth or related conditions, and deprived her of her rights in violation of the Pennsylvania Human Relations Act.

67.     The unlawful discrimination by Defendant was intentional, outrageous, willful and was with malice or reckless indifference to Plaintiff's rights.

68.     By reason of Defendant's unlawful discrimination, Plaintiff is entitled to all legal and equitable remedies available under the Pennsylvania Human Relations Act.

11

WHEREFORE, Plaintiff Erin Dinger demands judgment in her favor and against Defendant and requests an award of damages including, but not limited to compensatory damages, including any and all recoverable economic and noneconomic loss, punitive damages, reasonable attorneys' fees and costs, and other relief as permitted under the law and as this Court deems just and proper.

## COUNT V

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

69.    Plaintiff restates and realleges all previous paragraphs as though fully set forth herein.

70.    Defendant acted recklessly or intentionally by discriminating and retaliating against Plaintiff.

71.    Defendant's conduct exhibited toward Plaintiff was extreme and outrageous.

72.    As a direct and proximate result of the extreme and outrageous conduct of Defendants as set forth above, Plaintiff has suffered severe emotional distress and has required medical treatment in connection with her severe emotional distress.

73.    The extreme and outrageous conduct of Defendants as set forth above, which was committed with a reckless indifference to the rights of Plaintiff, warrant the imposition of punitive damages.

FILED

MAY 29 2019

KATE

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant and requests an award of damages including, but not limited to compensatory damages, punitive damages, reasonable attorneys' fees and costs, and other relief as this court deems appropriate.

### JURY DEMAND

74.    The Plaintiff demands a trial by jury of eight on all issues triable by a jury.

## CERTIFICATION

75.     I hereby certify that Plaintiff has not brought a similar or related lawsuit encompassing the claims brought in this matter.

Respectfully Submitted,

**MARK D. SCHWARTZ, ESQUIRE**

By:  /s/Mark D. Schwartz
     Mark D. Schwartz, Esquire (Pa ID #30527)
     P.O. BOX 330
     BRYN MAWR, PA 19010
     Telephone & Fax 610 525-5534
     Markschwartz6814@gmail.com

**THE PEARLMAN LAW FIRM, PLLC**

By:    /s/ Jason L. Pearlman
     Jason L. Pearlman, Esquire (Pa ID #93879)
     Two Bala Plaza, Suite 300
     Bala Cynwyd, PA 19004
     610-660-7793
     jpearlman@pearlmanlawfirm.com

DATED:  May 29, 2019          *Attorneys for Plaintiff Erin Dinger*

## <u>VERIFICATION</u>

I, Erin Dinger, do hereby certify that I am the Plaintiff in the within action, and that the

facts contained in the foregoing Complaint are true and correct to the best of my knowledge,

information and belief.  I do further understand that these statements are made subject to the

penalties of 18 Pa.C.S. § 4904, relating to unsworn falsifications to authorities.

Erin Dinger
Erin Dinger

Dated:  5/28/2019